Hall, J.
An action of trespass turned upon the ownership of the land. Plaintiff exhibited a grant from the State, under the act of 1840' (Cobb’s Dig., 703). Defendant introduced a grant under the acts of 1818 and 1819 (Cobb’s Dig., 683, 684) and successive deeds, dated in 1823,1838r.. 1868 and 1873, conveying the land to persons under whom defendant *261 claimed the right of entering and cutting timber. Plaintiff attacked this chain of title as false and spurious, and showed that none of these deeds were recorded until 1879, when they were all recorded together on the same day ; that the records in the office of the secretary of state (including the records of the former surveyor general’s office) showed no such grant; that the only grant of record was that of the'plaintiff; that the land was not drawn by the alleged grantee, but by another; and that the date of the grant as well as of one of the deeds was on Sunday:
Thomas M. Norwood ; Denmark A Adams for plaintiff' in error.
J. R. Saussy, for defendant.
' Held, that &■ verdict for the defendant was not supported by the evidence.
(a) It was no reply to this to show that numerous mistakes were made both as to the fortunate drawers and the lots which they drew in the various land lotteries of the State, as shown by acts passed for their correction, there being no evidence as to any mistake in respect to this land.
(b) A plot and grant from the State may be attacked as forged and spurious, by evidence, without proceeding in the manner provided by §2712 of the Code. That section applies to registered deeds, and even, in that case it is cumulative ; and any deed, ancient or modern, after being read to the jury by reason of its registry, may be attacked as a forgery by any competent evidence. 58 Ga, 586 ; 44 Id, 515 (h. n. 5); 36 Id, 463, 472, 473 ; 15 Id, 511.
Judgment reversed.